IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 10-22-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER IN LIMINE |
| | ) | |
| DAVID PALUMBO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court has set trial in this matter for December 13, 2010. Count III of the Indictment charges Defendant David Palumbo with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The offense carries a mandatory minimum sentence of five years imprisonment if the firearm is merely possessed. 18 U.S.C. § 924(c)(1)(A)(i). The mandatory minimum sentence is raised to seven years if the firearm is brandished and ten

years if the firearm is discharged.  18 U.S.C. § 924(c)(1)(A)(ii) and (iii).[1]

Defendant Palumbo entered a plea of guilty to Counts II and III of the Indictment pursuant to a plea agreement.  See Doc. Nos. 28, 40.  The plea agreement included the parties's stipulation that the Defendant possessed the firearm, but did not brandish or discharge the firearm, in furtherance of a drug trafficking crime.  Doc. No. 28 at ¶ 8.  The stipulation is at odds with the facts, as it is not in dispute that the Defendant discharged his firearm several times.  This Court, unwilling to be bound by the parties' factual stipulation, rejected the plea agreement pursuant to Fed. R. Crim. P. 11(c)(5).  Doc. No. 46.  The Defendant then exercised his right to withdraw his plea under Rule 11(d)(2)(A), and advised the Court that he intends to proceed to trial on the Indictment.  Id.

At the aborted sentencing hearing held on November 5, 2010, Counsel for Defendant Palumbo articulated the defense's legal position with regard to the question of possession versus discharge of the firearm:

> With respect to the facts of this case, as I said, when the gun was discharged, this wasn't a drug crime, it had turned into a robbery and self-defense because Mr. Palumbo was shot at first.  And if the law is going to be that if somebody is guilty of possessing a firearm in

---

[1] Possession must be proven as an element of the statutory offense.  The question whether a defendant brandished or discharged under § 924(c)(1)(A) is a sentencing factor that need not be alleged in an indictment, decided by a jury, or proven beyond a reasonable doubt.  Harris v. United States, 536 U.S. 545, 568 (2002).

furtherance of a drug trafficking crime then there should be recognition that an intervening or a change of events can sever the later discharge from the earlier possession as part of the drug trafficking crime.

Hrg. Transcript (Nov. 5, 2010) at 7-8.

A defendant may not escape liability under § 924(c)(1) by establishing that he acted in self-defense. The statute criminalizes any possession, brandishing, or discharge of a firearm in furtherance of a drug trafficking crime, regardless of whether the discharge occurs in response to the aggression of another person. As the Ninth Circuit stated in United States v. Stewart, 779 F.2d 538 (9th Cir. 1985):

> If the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to *display or discharge the weapon to protect himself* or intimidate others, whether or not such display or discharge in fact occurred, then there is a violation of the statute.

Id. at 540 (*overruled in part on other grounds by* Bailey v. United States, 516 U.S. 137, 149 (1995))[2] (emphasis added).

The Sixth Circuit took the language in Stewart to its logical conclusion in

---

[2] Stewart was overruled by Bailey to the extent Stewart suggested that the mere presence of a firearm, without more, is sufficient to trigger the "use" prong of § 924(c)(1). Bailey did not overrule Stewart in any other respect. United States v. Perez, 116 F.3d 840, 848 n.12 (9th Cir. 1997). In response to Bailey, Congress broadened the scope of § 924(c)(1) with the purpose of including conduct beyond the actual use or carrying of a firearm during a drug trafficking offense. United States v. Norwood, 603 F.3d 1063, 1071 (9th Cir. 2010) (citing H.R. Rep. No. 105-344, at 6 (1997)).

United States v. Poindexter, 942 F.2d 354 (6th Cir. 1991).  In Poindexter, the defendant was accused of violating § 924(c) by shooting a police officer as the officer attempted to enter the defendant's residence to serve a warrant.  Id. at 357.  At trial, defense counsel sought to articulate a theory of self-defense in his opening statement, but the trial court prohibited any reference to self-defense.  Id.  The court of appeals affirmed, relying on Stewart to hold that "self-defense is irrelevant to a section 924(c) violation[.]"  Id. at 360.

The Fourth Circuit reached the same conclusion in United States v. Sloley, 19 F.3d 149.  In that case, the defendant was charged with a § 924(c) violation for taking a state trooper's firearm while the trooper was attempting to carry out an arrest for possession of a large quantity of marijuana.  Id. at 151.  The trial court allowed defense counsel to "recap his client's testimony in his closing argument, but did not allow him to draw any conclusions as to self-defense."  Id. at 153.  The trial court also rejected the defendant's request for a jury instruction on self-defense.  Id.  On appeal, the Fourth Circuit affirmed, relying on Poindexter and United States v. Johnson, 977 F.2d 1360, 1378 (10th Cir. 1992) ("[O]nce the association between the use of firearms and drug trafficking is shown, any additional finding that self defense motivated the use of the firearms is not relevant to a conviction under § 924.").  19 F.3d at 153.

4

These cases make clear that evidence showing the defendant acted in self-defense is irrelevant in a trial on a § 924(c) violation, and therefore inadmissible under Fed. R. Evid. 402. Moreover, any reference to self-defense in opening statements or closing argument carries the risk of confusing the issues and misleading the jury. Fed. R. Evid. 403. A district court has the discretionary authority to exclude from opening statements any irrelevant matters. Fed. R. Evid. 611; <u>Lasar v. Ford Motor Co.</u>, 399 F.3d 1101, 1115 (9th Cir. 2005). References to self-defense must be excluded in relation to Count III in this case because whether Palumbo acted in self-defense has no bearing on the question of his guilt.

Accordingly, IT IS HEREBY ORDERED that the parties are prohibited at trial from making any reference to self-defense during opening statements, or arguing self-defense in closing arguments, in relation to Count III of the Indictment, or suggesting to the jury that any purported aggression by the person shot ends the crime charged in Count III.

Dated this 12th day of November, 2010.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT